DIANE BUSA *v.* ANTHONY BUSA, JR.
(8833)

O'CONNELL, NORCOTT and LANDAU, Js.

Argued November 6, 1990—decision released April 16, 1991

*Rebecca A. Lee,* law student intern, with whom was *Patricia Kaplan,* for the appellant (plaintiff).

*Raymond Desautels III,* law student intern, with whom was *Thomas F. Gudsnuk,* for the appellee (named defendant).

*John P. Fracassini,* for the appellees (intervening defendants).

*Jackale N. Williams,* for the minor children.

NORCOTT, J. In this action, the plaintiff appeals from the order of the state trial referee, acting as the court, awarding custody of her two minor children to their paternal grandparents.[1] The plaintiff claims that the court failed to apply the presumption created by General Statutes § 46b-56b, which provides that "[i]n any dispute as to the custody of a minor child involving a parent and a nonparent, there shall be a presumption that it is in the best interest of the child to be in the custody of the parent, which presumption may be rebutted by showing that it would be detrimental to the child to permit the parent to have custody."

The following facts are relevant to the disposition of this appeal. On July 1, 1983, the plaintiff's marriage to the defendant Anthony Busa, Jr., was dissolved. At that time, custody of the couple's two minor children was awarded to the plaintiff. On August 24, 1984, and January 22, 1985, the plaintiff, who wanted to attend college in Boston, Massachusetts, entered into a written agreement with her ex-husband's parents, the

---

[1] On appeal counsel for the children joined counsel for the plaintiff in challenging the trial court's ruling.

defendants Anthony Busa, Sr., and Beverly Busa. The agreement gave them temporary custody of the children until the plaintiff moved the court for their return. The grandparents also agreed to surrender custody of the children if and when the plaintiff made such a motion. On February 25, 1985, the court, *McKeever, J.,* modified its custody order to reflect the terms of this agreement.

The plaintiff, now remarried and living in South Carolina, moved for the return of the children to her custody on January 11, 1989. In her motion, the plaintiff claimed that she had completed her education and was now able to care for her children. The defendant Anthony Busa, Jr., filed an objection to the plaintiff's motion and his parents subsequently entered the case as defendants. After a hearing, the court, *O'Sullivan, J.,* denied the plaintiff's motion in a memorandum of decision dated January 3, 1990.

In its memorandum of decision, the trial court concluded that "the test of the best interests of the children requires that the children continue to live with the defendant's parents." The plaintiff now claims that this statement clearly shows that the trial court applied an incorrect legal standard because it failed specifically to consider and either to accept or reject the presumption created by General Statutes § 46b-56b. We agree.

General Statutes § 46b-56 (b) provides that "[i]n making or modifying any order with respect to custody or visitation, the court shall be guided by the best interests of the child . . . ." In 1985, the legislature enacted what is now General Statutes § 46b-56b, which creates a presumption, in custody disputes between a parent and a nonparent, that it is in the best interest of the child to be in the custody of the parent. This presumption can be rebutted only by a showing that it

would be detrimental to the child to permit the parent to have custody. General Statutes § 46b-56b.

Although § 46b-56b does not expressly require the trial court to make a specific finding either accepting or rejecting the presumption, Practice Book § 4059 mandates that the court include in its decision its conclusion as to each claim of law raised by the parties. The rebuttal of the statutory presumption is clearly an issue in this case, and the trial court's failure to address the presumption in its memorandum of decision constitutes noncompliance with this Practice Book section. When read with Practice Book § 4059, therefore, General Statutes § 46b-56b implicitly requires the trial court to articulate whether the presumption was properly rebutted before awarding custody to a nonparent. That statute was designed to protect both parents and children, yet it accomplishes nothing if it is construed to require only a mental exercise by the court with no obligation to disclose a factual basis for giving a nonparent custody.

In addition, the trial court's refusal to articulate its ruling does not advance the children's best interests in this case. The "best interests" standard remains the ultimate basis of a court's custody decision. *Perez* v. *Perez*, 212 Conn. 63, 561 A.2d 907 (1989). Despite this, the trial court effectively limited appellate review of its decision by refusing to accept or reject the statutory presumption and to state its reasons therefor in its memorandum of decision.[2] This was clearly not in the best interests of the children. Therefore, the trial court's memorandum of decision was clearly lacking

[2] Any confusion as to the standard of law applied by the trial court could have been alleviated through the granting of a motion for articulation. Practice Book § 4051. In fact, such a motion was made by counsel for the minor children but was denied by the trial court, which refused to articulate its ruling.

in that it failed to state whether the presumption was properly rebutted before awarding custody to the paternal grandparents.

The case is remanded to the trial court with direction to articulate its ruling in accordance with this opinion. See Practice Book § 4061.[3]

In this opinion the other judges concurred.

---

[3] Practice Book § 4061 empowers this court, when it "deems necessary to the proper disposition of the cause . . . [to] remand the case for a further articulation of the basis of the trial court's factual findings or decision." See also *Bird Electron Beam Corporation* v. *Gamage,* 11 Conn. App. 67, 72, 526 A.2d 1 (1987).