CHRISTINE WILSON *v.* DAVID WILSON
(13192)

FOTI, HEIMAN and HENNESSY, Js.

Argued February 15—decision released June 27, 1995

*Robin C. Murphy,* with whom was *Mildred Doody,* for the appellant (plaintiff).

*David Wilson,* pro se, the appellee (defendant).

*Lynn Jenkins,* for the minor child.

HEIMAN, J. In this dissolution action, the plaintiff appeals from the postjudgment orders of the trial court interpreting the judgment of dissolution as providing the defendant with the right to unsupervised visitation with the parties' minor child and finding the plaintiff in contempt of violating the orders of visitation. On appeal, the plaintiff claims that the trial court improperly (1) interpreted the judgment of dissolution by (a) failing to consider the circumstances surrounding the entry of the order and (b) creating an impermissible prospective modification of visitation, which could not be based on the best interests of the child, and (2) found the plaintiff in contempt (a) when the plaintiff reasonably believed she was not obligated to allow visitation, (b) without considering the circumstances surrounding the violation of the court order and (c) based on remarks made by counsel. We affirm the judgment of the trial court.

An understanding of the following facts is necessary for the proper resolution of this appeal. The marriage between the parties was dissolved, after trial, on April 29, 1993. Custody of the one minor daughter of the marriage was committed to the plaintiff. The defendant was granted rights of visitation in the judgment as follows:

"[T]he defendant father [is to] have supervised visitation with the minor child for a period of six months. . . . Visitation to occur on Saturdays or Sundays from ten to six and may be flexible to allow supervisors to participate."

On June 17, 1993, the defendant filed the first of a series of motions for contempt, alleging that the plaintiff had wilfully refused to allow him visitation with his child. A hearing was held on August 16, 1993, at which the defendant informed the court that the child was removed by the supervisor from the May 23, 1993 visitation when the defendant drank a beer in front of the child. The defendant further informed the court that the original order did not prohibit drinking during visitations and that he had not been allowed to see the child since that incident. The plaintiff then represented to the court that the child was afraid of the defendant and refused to call or see him. The trial court did not find the plaintiff in contempt at that time, but referred the case to family relations for a visitation study.

On November 26, 1993, the defendant filed a second motion for contempt, alleging again that the plaintiff had denied him visitation with the minor child since May 23, 1993, that the plaintiff had changed residences at least twice since the date of dissolution for the purpose of defeating the defendant's exercise of his right to visitation, and that the defendant and the minor child had been denied telephone contact since July 31, 1993.

By motion dated December 13, 1993, the plaintiff sought an order of the court modifying the original visitation order in light of the defendant's drinking during his visit with the child on May 23, 1993. The plaintiff conceded in her motion for modification that no visitation had been afforded to the defendant since May 23, 1993, and claimed that, as a result of the defendant's "past physical violence and destructive behavior

while under the influence of alcohol, the minor child is afraid to be with her father when he is drinking." The plaintiff sought an order that supervised visitation take place at Southern Connecticut State University.

Hearings were scheduled on each of these motions on December 13, 1993. On that day, counsel for the plaintiff requested a continuance of one week because counsel for the minor child and the child's therapist were unavailable. The trial court continued the hearings to December 20, 1993. In granting the continuance, the trial court made clear that the original order regarding visitation was still in force until modified and admonished both parties that neither had a right to violate that order because they disagreed with it. The defendant then asked the trial court to clarify the provisions of the original order. Upon obtaining a copy of the transcript of the dissolution proceedings, the trial court read to the parties the original order as to visitation. The trial court interpreted this order to require that the defendant's visits with the minor child be supervised for the first six months and that the supervised aspect of those visitations lapsed after the passage of that period. After finding that six months had passed since the entry of the original order, the trial court ordered that the defendant have visitation with the minor child on December 19, 1993, from 10 a.m. to 6 p.m.

The parties returned to court on December 20, 1993. At that time, the defendant filed a third motion for contempt claiming that the plaintiff had denied him the right of unsupervised visitation that was to have occurred on December 19. The trial court found the plaintiff to be in contempt both as to the original order of visitation as well as to its order of unsupervised visitation that was to have taken place on December 19, 1993. The trial court imposed sanctions of $25 for each week that visitation was withheld under the original

order plus $300 for defying its specific order of visitation for December 19, 1993.

The trial court further ordered that the defendant was to have unsupervised visitation each Sunday with the minor child during the hours originally ordered. Because the child had not been allowed to see her father for such a long time, the trial court further ordered that the defendant was to have supervised visitation with the minor child on Christmas Day to allow the child and father to be reacquainted. In addition, the trial court ordered that neither party was to drink alcohol in the presence of the minor child and that neither party was to remove the child from the state of Connecticut.

On January 10, 1994, the plaintiff appealed to this court. Pending the appeal, the plaintiff moved that the orders of the trial court be stayed, that the original judgment be opened and modified, and that the finding of contempt be reconsidered. In support of her motion to open and modify, the plaintiff claimed that the original order, as interpreted by the trial court, constituted an improper prospective modification of visitation. The trial court held a hearing on these motions that included testimony concerning the behavior of the child and the events of visitation subsequent to the order of the trial court for unsupervised visitation.

During the hearing, the trial court orally granted the plaintiff's motion for reconsideration of the finding of contempt insofar as the number of weeks to which sanctions were attached. Because a hearing on contempt was held on August 16, 1993, but no finding of contempt was made at that time, the trial court reduced its finding of contempt to encompass only those weeks after August 16, 1993. The trial court also denied the plaintiff's motion for modification, finding that there was no substantial change in circumstances.

A written memorandum of decision was issued on April 4, 1994, denying the plaintiff's motion for stay.[1] In this memorandum, the trial court specifically found that there was no credible evidence that the child's anger and aggression were caused by visitation with the defendant. In addition, the trial court found that the child was loving and affectionate with the defendant during his visits and that unsupervised visitation was in the best interest of the child. The trial court found that the original order of visitation did not constitute an invalid prospective modification.

I

The plaintiff first asserts that the trial court improperly interpreted the original order of visitation to provide for supervised visitation for a period of six months and automatically to become an order of unsupervised visitation at the end of the six month period. The improprieties claimed are that the trial court failed to consider the circumstances surrounding the entry of the original order and that such an interpretation created an impermissible prospective modification in violation of the holdings of *Emerick* v. *Emerick*, 5 Conn. App. 649, 502 A.2d 933 (1985), cert. dismissed, 200 Conn. 804, 510 A.2d 192 (1986), and *Guss* v. *Guss*, 1 Conn. App. 356, 472 A.2d 790 (1984). We are unpersuaded that either claim represents an issue in the present posture of this appeal.[2]

---

[1] On April 8, 1994, the plaintiff sought review by this court of the action of the trial court in denying the stay. See Practice Book § 4053. We granted review of the action of the trial court but denied the relief sought by the plaintiff.

[2] We note, however, that the plaintiff's claim that the original order constitutes an invalid prospective modification of visitation is without merit. In *Guss* and *Emerick*, the appellants challenged orders that provided that custody would shift automatically if the child was removed from Connecticut. In *Emerick* v. *Emerick*, supra, 5 Conn. App. 659, we stated: " 'A child's best interests . . . cannot be prospectively determined.' *Guss* v. *Guss*, supra, [1 Conn. App.] 360–61. The judicial hands of a future court cannot

It is statutorily[3] incumbent upon a court entering orders concerning custody or visitation or a modification of such order to be guided by the best interests of the child. See *Gallo* v. *Gallo*, 184 Conn. 36, 41–42, 440 A.2d 782 (1981); *Busa* v. *Busa*, 24 Conn. App. 426, 428, 589 A.2d 370 (1991). We review any order of the trial court concerning an order of visitation under the standard of whether in entering the order that it did, it abused its discretion in making that order. *El Idrissi* v. *El Idrissi*, 173 Conn. 295, 300–301, 377 A.2d 330 (1977).

While the trial court found that the original order envisioned a period of supervised visitation for the initial period of six months from the date of the decree of dissolution and that after that period the visitation with the defendant would be unsupervised, we need not concern ourselves with whether that constituted a correct interpretation of the original order. The trial court found affirmatively that it was in the best interests of the child that she enjoy unsupervised visitation with her father. Thus, given that finding by the trial court, it is inconsequential whether the trial court properly

be bound by an earlier court's determination that the best interests of a child as to custody remain constant. A transfer of custody cannot be automatically accomplished upon the happening of a future event, in this case, removal of the child from Connecticut." Here, visitation does not change from supervised to unsupervised upon the happening of a future event that acts as a condition subsequent to the original order. The trial court instead determined as of the time of the dissolution that it would be in the best interests of the child that the visitations with her father be supervised for a transitional period of six months before the visitations would be unsupervised. As such, the plaintiff's reliance on *Guss* and *Emerick* is misplaced.

[3] General Statutes § 46b-56 (b) provides in pertinent part: "In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child . . . ."

interpreted the original order, or whether the original order as interpreted included an anticipatory modification of the visitation order. Consequently, our focus must be on the issue of whether the order of the trial court constituted an abuse of discretion. *Gallo* v. *Gallo*, supra, 184 Conn. 43. We conclude that it did not.

On December 20, 1993, the trial court entered an order permitting supervised visitation on Christmas Day, and unsupervised visitation thereafter. Subsequently, on January 7, 1994, the plaintiff sought a stay of the order of unsupervised visitation, claiming that a stay of the order of unsupervised visitation would be in the best interests of the minor child. The trial court afforded a full evidentiary hearing on the motion.

The trial court heard conflicting evidence from the parties and their witnesses regarding the visitation that the defendant had with the minor child subsequent to the court's orders of December 20, 1993. On the basis of the evidence, the trial court found that the child exhibited no fear or anxiety in the presence of the defendant, appeared to be very happy in his company, and behaved appropriately with him. The trial court also found that the defendant did not use alcohol in the presence of the minor child. The trial court concluded from the evidence before it that the child displayed greater affection to the defendant since the commencement of unsupervised visitation and, from the evidence presented, found that unsupervised visitation is in the best interests of the child.

The decision of the trial court was, therefore, amply supported by the evidence and we conclude that the trial court did not abuse its discretion.[4]

---

[4] We note that the attorney for the minor child addressed the issue of whether the finding by the trial court that unsupervised visitation is in the best interests of the child rendered the plaintiff's appeal moot. In her brief, counsel urges us to find that the plaintiff's appeal is not moot, but does

## II

The plaintiff next claims that the trial court improperly found the plaintiff in contempt (1) when the plaintiff reasonably believed she was not obligated to allow visitation, (2) without considering the circumstances surrounding the violation of the December 13, 1993 court order, and (3) on the basis of remarks made by counsel. We are unpersuaded.

In reviewing each of the plaintiff's claimed improprieties concerning the finding of contempt, we are guided by standards that limit our review. "[O]ur review [of a finding of civil contempt] is technically limited to 'questions of jurisdiction such as whether the court had authority to impose the punishment inflicted and whether the act or acts for which the penalty was imposed could constitute a contempt.' . . . This limitation originates because by its very nature the court's contempt power . . . must be balanced against the contemnor's fundamental rights and, for this reason, there exists the present mechanism for the eventual review of errors which allegedly infringe on these rights. . . . We have found a civil contempt to be improper or erroneous because: the injunction on which it was based was vague and indefinite . . . the findings on which it was based were ambiguous and irreconcilable . . . the contemnor's constitutional rights were not properly safeguarded . . . the penalties imposed were criminal rather than civil in nature . . . and the contemnor, through no fault of his own, was unable to obey the court's order." (Citations omitted.) *Papa* v. *New Haven Federation of Teachers*, 186 Conn. 725,

not contend that the trial court's finding should be disregarded. We resolve this case not on the basis of mootness but on the basis that the finding by the trial court that unsupervised visitation is in the best interests of the child did not constitute an abuse of the trial court's considerable discretion in fashioning proper orders of visitation.

731–32, 444 A.2d 196 (1982); see also *Dunham* v. *Dunham*, 217 Conn. 24, 29–30, 584 A.2d 445 (1991).

" 'Although . . . plenary review of civil contempt orders extends to some issues that are not truly jurisdictional, its emphasis on fundamental rights underscores the proposition that the grounds for any appeal from a contempt order are more restricted than would be the case in an ordinary plenary appeal from a civil judgment.' " *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, 219 Conn. 657, 666, 594 A.2d 958 (1991), quoting *Dunham* v. *Dunham*, supra, 217 Conn. 29–30; see also *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 658, 646 A.2d 133 (1994).

### A

The plaintiff first asserts that the trial court incorrectly found the plaintiff to be in contempt when she reasonably believed that she was not obligated to allow the defendant visitation with their minor child. In support of this claim, the plaintiff points to her testimony before the trial court on December 20, 1993, that she believed that the August 16 contempt hearing resulted in the visitations' being put on hold until the study ordered could be completed by family relations. We find the plaintiff's argument to be without merit.

The following additional facts are necessary for the resolution of this issue. On February 4, 1994, the plaintiff requested an articulation by the trial court of its decisions on December 13 and 20, 1993. In response to the motion for articulation, the trial court specifically found that the minor child did not become upset upon seeing the defendant drink a beer on May 23, 1993. In addition, the trial court found that the plaintiff's belief that visitation was put on hold until com-

pletion of the family relations study was not supported by the transcript of the August 16 proceedings.[5]

In light of the specific finding by the trial court that the plaintiff could not have reasonably believed that the original visitation order had been put on hold, we need not determine whether a reasonable belief that an order of the court need not be obeyed presents a valid defense to a motion for contempt.[6] Instead, we need determine only whether the trial court's finding of fact was clearly erroneous. *Commissioner of Health Services* v. *Youth Challenge of Greater Hartford, Inc.*, supra, 219 Conn. 666. "The trial court's findings are binding upon this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . We cannot retry the facts or pass on the credibility of the witnesses." (Internal quotation marks omitted.) Id., 666–67, quoting *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.*, 207 Conn. 468, 473, 542 A.2d 692 (1988).

We cannot say that the finding of the trial court was clearly erroneous. On August 16, 1993, the trial court did not hold the plaintiff in contempt, but decided to refer the case to family relations for a visitation study.

---

[5] Specifically, the trial court pointed to that part of the August 16 transcript where the court stated: "Well, I can certainly make an order Mr. Wilson that there be no drinking before or during visitation. I mean, I think that's appropriate with a six year old child and if you have that order along with the supervised visitation, I mean, I would think your child is protected." The trial court then concluded: "A review of the transcript of August 16, 1993, shows that the visitation order was not put on hold until the family relations study was done."

[6] The plaintiff claims that support for her position is found in *Calway* v. *Calway*, 26 Conn. App. 737, 603 A.2d 434 (1992), and *Tatro* v. *Tatro*, 24 Conn. App. 180, 587 A.2d 154 (1991), which held that a person may not be held in contempt of an order of which he or she could not have been aware. The plaintiff has not, however, provided us with any cases that hold that a person who reasonably believes that he or she need not comply with an order is immune from contempt for violating that order.

This order said nothing to imply that the original order of the court was suspended until such time as that study was completed. In deciding the second motion for contempt, the trial court, therefore, reasonably concluded that the plaintiff could not reasonably believe that she was no longer required to obey the order of the court concerning visitation. We will not disturb this finding on appeal.

B

The plaintiff next asserts that the trial court improperly failed to consider the circumstances surrounding the plaintiff's violation of the December 13, 1993 order that the defendant have unsupervised visitation the following Sunday, December 19, 1993. The plaintiff claims that the trial court incorrectly applied the holding of *Tufano* v. *Tufano*, 18 Conn. App. 119, 556 A.2d 1036 (1989), without considering the circumstances surrounding the violation.[7] We find the plaintiff's claim to be without merit.

The following facts are necessary for the resolution of this issue. On December 20, 1993, the defendant testified that the plaintiff called him on the morning of December 19, and informed him that the visitation ordered by the court would not take place. The plaintiff then testified that the child became anxious when the plaintiff informed her of the court's order and asked

[7] The plaintiff points specifically to the following comments of the trial court at the hearing on the plaintiff's motion for reconsideration: "So, you're saying that when somebody is brought in for contempt of court for not allowing visitation, that the court should look at all of the surrounding facts that are involved, what the reasons were for not allowing the visitation and even though the nonallowance could have been in direct and knowing violation of a court order, if the court feels that the existing order should not have been complied with because of the surrounding circumstances, the court should not find someone in contempt? . . . Even though *Tufano* teaches us that an order may not be disobeyed simply because the alleged contemnor believes it should not be obeyed?"

if she had to go with her father. The plaintiff further stated that the child became increasingly agitated throughout the week, showing various signs of stress such as anger and aggression. By Saturday night, the child's anxiety escalated and on Sunday morning she suffered a "full fledged" asthma attack. It was at this point that the plaintiff called the defendant and told him that the child was fearful of him and that she would not make the child available for visitation. The trial court then found the plaintiff in wilful contempt.

On February 16, 1993, hearings were held on the plaintiff's motion for reconsideration of the finding of contempt. At that time, counsel for the plaintiff reiterated the plaintiff's claim that she was unable to allow visitation due to the child's level of anxiety. The trial court then inquired of counsel how the plaintiff's situation was different than that in *Tufano* v. *Tufano*, supra, 18 Conn. App. 119.[8] Counsel for the plaintiff replied that the circumstances in *Tufano* were more extreme than the conduct of the present plaintiff.

We agree with the plaintiff that a court may not find a person in contempt without considering the circum-

---

[8] In *Tufano*, this court affirmed a trial court finding that the plaintiff mother was in wilful contempt of visitation orders. In that case, visitation rights were awarded to the paternal grandparents. The plaintiff denied the grandparents visitation, claiming that the child did not want to visit with them. Upon a finding of contempt, the plaintiff appealed to this court, claiming that her violation of the visitation orders was not wilful because the child did not want to go and because a psychologist who treated the child advised her that the child should not be forced to go. In affirming the trial court's finding of wilful contempt, we stated: "There is no privilege to disobey a court's order because the alleged contemnor believes that it is invalid. . . . A fortiori, such an order may not be disobeyed simply because the alleged contemnor believes that it should not be obeyed. A contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. . . . The plaintiff had the power to obey the orders of the trial court, and that court did not err in finding that her violations of its orders were wilful." (Citations omitted.) *Tufano* v. *Tufano*, supra, 18 Conn. App. 124.

stances surrounding the violation to determine whether such violation was wilful. See id., 124; *Marcil* v. *Marcil*, 4 Conn. App. 403, 405, 494 A.2d 620 (1985). Despite the plaintiff's claims to the contrary, our review of the transcripts of the proceedings in this case establish that the trial court gave thorough consideration to the circumstances surrounding the plaintiff's violation of the court's order of visitation. A full evidentiary hearing was held on December 20, 1993, at which the plaintiff presented extensive testimony regarding the effect that she claimed the court's order had on her daughter. The trial court did not, however, find the plaintiff's claims that the defendant's visitation and drinking had upset the child to be credible. The fact that the trial court cited the holding of this court in *Tufano* at both the hearing on the motion for contempt and the motion for consideration indicates clearly that the trial court was aware of its duties under *Tufano* and applied its holding correctly.

## C

The plaintiff's final claimed impropriety regarding the trial court's finding of contempt is that the trial court incorrectly based that finding on the representations of the plaintiff's counsel. We again find no error.

The following facts are necessary for the resolution of this issue. At the December 13 hearing on the defendant's motions for contempt, counsel for the plaintiff stated that the plaintiff was unable to comply with the orders of the court as they pertained to visitation. On December 20, 1993, the trial court asked the plaintiff directly whether she had heard its order for visitation and its warning regarding noncompliance with that order. The plaintiff responded that she had.[9]

---

[9] The following colloquy occurred between the trial court and the plaintiff:

"The Court: Were you present in court when I pointed out that court orders had to be complied with last week?

Our cases have consistently held that a finding of contempt for conduct that has allegedly occurred outside the presence of the court may not be based *solely* on unsworn representations of counsel. *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 154, 496 A.2d 476 (1985); *Nelson* v. *Nelson*, 13 Conn. App. 355, 367, 536 A.2d 985 (1988). "[D]ue process requires a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) *Cologne* v. *Westfarms Associates*, supra, 154.

The trial court's finding of contempt here was not based solely on the representations of the plaintiff's counsel. The trial court was careful to confirm those representations with the plaintiff while the plaintiff was under oath. The trial court properly held a "trial-like hearing" in which the plaintiff was able to present evidence concerning whether her violation of the court's order was wilful.

The judgment is affirmed.

In this opinion the other judges concurred.