[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR CONTEMPT
The issue before the court is whether it should grant the plaintiff's motion for contempt based on the defendants' alleged non-compliance with a order of the court based upon a stipulation entered into by the parties.
On November 3, 1994, the plaintiff, the Brookfield Zoning Commission (Commission), filed a motion for contempt against the defendants, Fairfield Resources Management, Inc. and Rock Acquisition Limited Partnership (defendants).
The defendants operate a mining and excavating complex in Brookfield. On January 18, 1994, the court, Stodolink, J., entered a temporary injunction against the defendants, enjoining them from conducting excavation or removal of earth material on the Brookfield property.
Thereafter, on March 15, 1994, the parties entered into a stipulation that lifted the injunction and allowed a period of operation in which the defendants could conduct mining activities while they attempted to obtain the requisite permits from the Town of Brookfield. As an integral part of the stipulation, the defendants agreed to "comply with all applicable provisions of §§ 242-302 of the Brookfield Zoning Regulations, except as otherwise provided for in this stipulation." [March 15, 1994 stipulation, p. 4.] Sections 242-302 require that in order to conduct the mining activities, the defendants must obtain a natural resources removal permit. The stipulation stated that the window of opportunity would be shut on July 1, 1994, and thereafter, all mining activities would cease unless the defendants had received the natural resources removal permit. The stipulation, however, also contained a clause that allowed mining operations to continue during the time that the defendants "[d]iligently pursue, in good faith, their efforts to obtain a natural resource removal permit from Zoning, CT Page 11322 which approval shall not be unreasonably withheld, and a regulated activity permit from Wetlands." [March 15, 1994 stipulation, p. 5.]
The defendants attempted to obtain a removal permit from the Commission. The Commission denied the permit on October 13, 1994. On October 27, 1994, the Commission published the notice of denial in The Danbury News-Times. [Defendant's Exhibit 1.] After the denial, the defendants took an appeal to the Superior Court. During this time they have continued to operate. [Plaintiff's Exhibit 1; Plaintiff's Exhibit 2.]
The stipulation further provided that if the defendants "do not comply with the terms of this Stipulation, and if within five (5) business days after written notice of non-compliance by the Brookfield Zoning Enforcement Officer, fails to cure said non-compliance or provide evidence of compliance to the Zoning Enforcement Officer, the Injunction shall be automatically reinstated upon the filing by the Zoning Enforcement Officer of an affidavit of non-compliance with the Court." [March 15, 1994 stipulation, p. 6.]
On October 20, 1994, the Commission served a notice of non-compliance on the defendants because the defendants were operating without a permit in violation of the stipulation. [Plaintiff's Exhibit 3]. Thereafter, on October 28, 1994, the Commission filed an affidavit of non-compliance with the court. [Plaintiff's Exhibit 4.]
As a result of the non-compliance, the Commission requests that the court find the defendants in contempt of the stipulated order and assess a $1000 per day penalty. On January 10, 1995 and March 14, 1995, the matter was tried to the court. Thereafter, on April 10, 1995, the Commission filed a brief in support of its claim that the defendants were in wilful contempt of the court's order incorporating the parties' stipulation.
On April 12, 1995, the defendants filed a post-trial memorandum setting forth the arguments in support of their position that they were not in wilful contempt of the court's order. The defendants argue that the stipulation is ambiguous since it does not indicate whether an administrative appeal from the Commission's denial would continue to toll the effect of the injunction. They also argue that the five day cure period is ambiguous, therefore they should be immune from contempt under CT Page 11323 the circumstances. The defendants further suggest that factually they are not in contempt of the order. Lastly, they contend that the Commission is in violation of the stipulation, therefore the court should deny the Commission's motion for contempt and grant the defendants' cross motion for contempt.
This matter is before the court on the Commission's motion for contempt. The court finds that the defendants' argument that the stipulation is ambiguous insofar as it concerns administrative appeals from the Commission's ruling on the natural resources removal permit is dispositive of this matter. Therefore, the court need only address this one argument.
"Civil contempt is conduct directed against the rights of the opposing party." Bunche v. Bunche, 36 Conn. App. 322, 324,650 A.2d 917 (1994). A finding of contempt "must be established by `sufficient proof' that is premised on competent evidence presented to the trial court and based on sworn testimony." Id. "A finding of contempt is a question of fact," id., and the trial court's determination will not be overruled unless it is clearly erroneous. Wilson v. Wilson, 38 Conn. App. 263, 271
(1995).
"[A] court may not find a person in contempt without considering the circumstances surrounding the violation to determine whether such violation was wilful. See Tufano v.Tufano, 18 Conn. App. 119, 556 A.2d 1036 (1989)]; Marcil v.Marcil, 4 Conn. App. 403, 405, 494 A.2d 620 (1985)." Wilson v.Wilson, supra, 38 Conn. App. 275-76. "Generally, wilfulness may be inferred from a reckless disregard for a court's order. UnitedStates v. Delahanty, 488 F.2d 396 (6th Cir. 1973)." In re MichaelDodson, 214 Conn. 344, 359, 572 A.2d 328 (1990). Furthermore, a finding that the injunction upon which the contempt motion is based is vague and indefinite requires that the motion be denied.Papa v. New Haven Federation of Teachers, 186 Conn. 725, 731-32,444 A.2d 196 (1982).
In the present case, the defendants' arguments concerning the ambiguity of the stipulation has some merit. The stipulation provides that the defendants can continue to operate during the time in which they "[d]iligently pursue, in good faith, their efforts to obtain a natural resource removal permit from Zoning, which approval shall not be unreasonably withheld, and a regulated activity permit from Wetlands . . . ." [March 15, 1994 stipulation, p. 5.] CT Page 11324
General Statutes § 8-8 allows, as a matter of right, an appeal from the decision of the Commission to the Superior Court. Section 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." The stipulation makes no provision for appeals, and, an appeal of a denial by the Commission to the Superior Court could certainly be considered as an effort "to obtain a natural resource removal permit from Zoning." [March 15, 1994 stipulation, p. 5.] At the same time, the quoted phrase could be construed to allow the defendants to operate solely during the period in which an application to the Commission is pending, and not during the progression of an appeal of the Commission's decision to the Superior Court. In these respects, the stipulation is subject to varying interpretations.
"A judgment [or order] rendered in accordance with such a stipulation of the parties is to be regarded and construed as a contract. See Kenworthy v. Kenworthy, 180 Conn. 129, 131,429 A.2d 837 (1980); Albrecht v. Albrecht, 19 Conn. App. 146, 152,562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989). The construction of such an agreement by the trial court is subject to . . . review under the clearly erroneous standard.Albrecht v. Albrecht, supra; see Lavigne v. Lavigne, 3 Conn. App. 423,427, 488 A.2d 1290 (1985)." Barnard v. Barnard, 214 Conn. 99,109, 570 A.2d 690 (1990). "The interpretation of the contractual intention of the parties is a question of fact to be determined by the trier of fact." Bolmer v. Kocet, 6 Conn. App. 595,608, 507 A.2d 129 (1986).
"`Where the text of an agreement reasonably allows for varying interpretations — whether by the inadvertence or design of the draftsman — the need for judicial construction cannot, and may not, be avoided.' Wards Co. v. Stamford Ridgeway Associates,761 F.2d 117, 120 (2d Cir. 1985)." Nelson v. Nelson, 13 Conn. App. 355,359-60, 536 A.2d 985 (1988). Because the parties' agreement on which the judgment is based is ambiguous with regard to the defendants' ability to operate during the pendency of an appeal to the Superior Court, "`[t]he intention of the parties . . . is to be determined by a fair and reasonable construction of the language used interpreted in light of the situation of the parties, the circumstances connected with the transaction, the motives of the parties and the purposes which they sought to accomplish.' John F. Epina Realty, Inc. v. SpaceCT Page 11325Realty. Inc., 194 Conn. 71, 77-78, 480 A.2d 499 (1984); StelcoIndustries, Inc. v. Bette, 2 Conn. App. 17, 20, 475 A.2d 1105
(1984)." Nelson v. Nelson, supra, 13 Conn. App. 359-60. "Where the terms of a contract are fairly susceptible of two or more interpretations, the one which is the more equitable, reasonable and rational is to be preferred." Game-A-Tron Corp. v. Gordon,2 Conn. App. 692, 694-95, 483 A.2d 620 (1984).
The plain language of the stipulation as it relates to the receipt of a natural resource removal permit from Zoning does not explicitly exclude the possibility of an appeal. It would be unrealistic, however, to ascribe to the parties an intent to allow the defendants to continuously excavate during the time that the appeals in this case progressed. The parties are well aware of the time it takes a civil case to move toward resolution in the trial court and thereafter go through the appeals process. See Chrysler Corp. v. Maiocco, 209 Conn. 579, 594, 552 A.2d 1207
(1989) (describing the backlog in the courts).
Further, the court finds it is unlikely that the Commission would jeopardize its superior position by entering into a stipulation that allowed the defendants to excavate throughout the appeals process. At the time the stipulation was entered into, the Commission had in force a full temporary injunction that prohibited the defendants from excavating. It is highly unlikely that they would intend to compromise that advantage by allowing the defendants to operate continuously into the future until the appeals process through the United States Supreme Court was exhausted. During the hearings on this matter, Robert Parker, a principal with the defendants, testified that mining and excavating operations would continue until all appeals, including those to the United States Supreme Court, were exhausted. [Tr. pp. 78-83.]
Moreover, the stipulation itself provides that the excavating and water flow activities would cease as of July 1, 1994. The court finds that it is unlikely that the Commission intended, considering this clause, to allow the defendants to operate for an indeterminate period during which the defendants could appeal the Board's rulings.
Based on the foregoing, the court finds the circumstances surrounding the execution of the stipulation reveal that "the more equitable, reasonable and rational" interpretation of the agreement provides that the defendants could not operate CT Page 11326 continuously during the time in which the appeals as of right and by leave of various courts could be pursued. Game-A-Tron Corp. v.Gordon, supra, 2 Conn. App. 694-95. Furthermore, the circumstances evidencing the intent of the parties indicates that the forbearance by the Commission would only continue until the initial application was heard and decided by the Board. Therefore, the court finds that the defendants were in violation of the stipulation by continuing to operate after the notice of non-compliance and affidavit of non-compliance were served.
However, because the defendants had a reasonable basis to believe that they could continue to operate during the appeals period, prior to this court's interpretation of the agreement, because the stipulation was subject to two competing interpretations, they were not in wilful violation of the court's order incorporating the stipulation. See Papa v. New HavenFederation of Teachers, supra, 186 Conn. 731-32 (vague injunction does not allow for contempt finding); see also Wilson v. Wilson,
supra, 38 Conn. App. 275-76 (contempt finding requires wilfulness); In re Michael Dodson, supra, 214 Conn. 359
(wilfulness requires reckless disregard of court's order); Jenksv. Jenks, 39 Conn. App. 139, 142, A.2d (1995) (good faith dispute or legitimate misunderstanding of terms of order may prevent finding of wilfulness).
Accordingly, the court finds that the defendants were in violation of the stipulation; however, the Commission's motion for contempt is denied since the violation was not wilful.
The court orders the defendants to cease excavating operations immediately, absent compliance with the stipulation.