[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS RE MOTION FOR CONTEMPT, MOTION FOR PARTIAL RELIEFFOR STAY OF PROCEEDINGS FROM AUTOMATIC RELIEF AND MOTION
On August 17, 1995, the court found that the defendant committed an entry and detainer against the plaintiff and awarded a writ of restitution. In that writ, the court ordered the plaintiff restored immediately to the premises and ordered the defendant to return the personal property seized and removed to the plaintiff no later than Wednesday, August 23, 1995. On CT Page 13366 September 1, 1995, the plaintiff filed a Motion for Contempt, alleging that the defendant refused to return the plaintiff's property to him.[1] On September 6, 1995, the defendant filed an appeal from the writ of restitution. On September 29, 1995, the defendant filed a Motion for Stay of Proceedings. On October 20, 1995, the plaintiff filed a Motion for Partial Relief from Automatic Stay. The parties were heard on all of these motions on November 9, 1995.
At the hearing on the various motions, the plaintiff was not present and no testimony was offered by either side. Nevertheless, plaintiff's counsel argued for a finding of contempt against the defendant and cited the case of HartfordFederal Savings Loan Assn. v. Tucker, 192 Conn. 1 (1984) as support for the proposition that this writ of restitution was not automatically stayed under § 4046.
It is clear that under Connecticut law, there was insufficient evidence provided to the court to enter a finding of contempt against the defendant. "Our cases have consistently held that a finding of contempt for conduct that has allegedly occurred outside the presence of the court may not be based solely on unsworn representations of counsel Cologne v. WestfarmsAssociates, 197 Conn. 141, 154, 496 A.2d 476 (1985); Nelson v.Nelson, 13 Conn. App. 355, 367, 536 A.2d 985 (1988). "[D]ue process requires a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Internal quotation marks omitted.) Cologne v. Westfarms Associates, supra, 154." Wilson v. Wilson,38 Conn. App. 263 (1995).
As to the plaintiff's Motion for Termination of the Automatic Stay and the defendant's Motion for Stay, under P.B. § 4046, "unless otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired; if an appeal is filed, such proceedings shall be stayed until the final determination of the cause[.]" The rule also provides for relief from the automatic stay if the court determines that "due administration of justice so requires."
The court has reviewed the Hartford Federal case cited by the plaintiff and does not find it applicable to the facts of this case. The provisions of the entry and detainer statute lead this court to conclude that once a writ of restitution has been CT Page 13367 ordered it is considered a final judgment. See C.G.S. §47a-45a. C.G.S. § 47a-43 et seq., the entry and detainer statutory scheme, contains no provision regarding stays pending appeals. Since there is no provision within the statutory scheme regarding a stay or lack thereof pending an appeal, it would appear that the automatic stay under § 4046 applies. However, this writ of restitution ordering the defendant to restore the plaintiff's property to him is in the nature of an injunction. C.G.S. § 52-477 provides for a stay pending an appeal from a permanent injunction, upon application. It reads
 When judgment has been rendered for a permanent injunction ordering either party to perform any act, the court, upon an application similar to that mentioned in 52-476, shall stay the operation of such injunction until a final decision in the court having jurisdiction, unless the court is of the opinion that great and irreparable injury will be done by such stay or that such application was made only for delay and not in good faith.
Here the defendant disobeyed an order of the court within the statutory appeal period and filed a timely appeal. Not until twenty some days after the Motion for Contempt was filed against him did he file a motion to terminate the stay. The plaintiff, on the other hand, did not proceed with his Motion for Contempt at the first scheduled hearing in September and in fact med a motion for relief from the automatic stay. Neither the statute nor the practice book have provided much guidance to counsel or the court.
The court concludes that it is the burden of the defendant to seek relief from the automatic stay. The court bases this on the type of relief sought in a C.G.S. § 47a-43 action, i.e., a writ of restitution, and hence the applicability of C.G.S. §52-477. Accordingly, there is no automatic stay of the writ of restitution ordered under C.G.S. § 47a-45.
Based upon the findings the court made in its original order and the lack of any evidence proffered by the defendant as to the value of the retained personal property to him, the court finds that the plaintiff will suffer great and irreparable harm if he is further deprived of his personal property and that the defendant will not suffer such harm if the plaintiff's property is returned. Accordingly, the defendant's motion for stay is denied. The defendant is ordered to return the personal property CT Page 13368 to the plaintiff no later than November 26, 1995.
Alexandra Davis DiPentima, Judge