[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON PLAINTIFFS' MOTION FOR TURNOVER ORDER (No. 227),PLAINTIFFS' MOTION FOR EXECUTION (No. 228), andPLAINTIFFS' MOTION FOR CONTEMPT (No. 234)
A. FACTS:
Plaintiffs, Robert Cross and Fred Sherbacow, commenced this collection action against defendants S E Investment, Edwin Baum and Steven Eckhouse, on December 28, 1994. Trial was held in Superior Court, judicial district of Hartford-New Britain at New Britain in August 1995. In his memorandum of decision dated September 19, 1995, State Trial Referee Jackaway held "in favor of plaintiff Robert Cross in the amount of $140,382.35 including interest through August 25, 1995" and "in favor of plaintiff Fred Sherbacow in the amount of $652,236.66 including interest through August 24, 1995." (Memorandum of Decision # 219, p. 5.)
Defendant Baum filed for bankruptcy on September 11, 1995. Defendant Eckhouse filed for bankruptcy on September 29, 1995. The remaining defendant, S E Investment, had transferred all its CT Page 7886 assets to Regional Holding Company, Inc. pursuant to a Trust Indenture dated June 20, 1990.
On November 27, 1995, the plaintiffs moved for a turnover order against Regional Holding Company, Inc. and its president Malcolm Olins (Olins). The plaintiffs moved for an order to show cause why the turnover order should not be granted; this order to show cause contained a paragraph restraining Regional Holding Company, Inc. and Olins from disposing of or transferring any assets held pursuant to the trust indenture. It appears that a hearing for the order to show cause was set for January 8, 1996. (Motion for Turnover Order # 227). Also on November 27, 1995, the plaintiffs filed a motion for execution which was not acted upon. Notice of removal to federal bankruptcy court was filed December 8, 1995. According to the plaintiffs, the case was remanded to state court "on or after July 22, 1996." (Motion for Contempt # 234, p. 2.). Defendants state that the case was not remanded until August 9, 1996. (Memorandum of Law in Support of Respondents' Objection to Motion for Contempt, p. 3.)
On July 29, 1996, the plaintiffs filed a motion for contempt, arguing that Regional Holding Company, Inc. and Olins had disbursed assets under the trust indenture to beneficiaries in June or July, thereby violating the court's injunction. On August 20, 1996, Regional Holding Company, Inc. and Olins filed objections to the motion for turnover order and to the motion for contempt.
B. DISCUSSION:
"A money judgment may be enforced against any property of the judgment debtor unless the property is exempt. . . ." General Statutes § 52-350f. A money judgment "means a judgment, order or decree of the court calling in whole or in part for the payment of a sum of money . . . ." General Statutes § 52-350a (13). A money judgment has been issued against the defendant, S E Investment. The property in this case is not exempt. General Statutes § 52-352b. Therefore, the plaintiffs' motion for execution is granted.
An order of execution is a condition precedent to a turnover order under General Statutes § 52-356b. "If an execution is issued, the judgment creditor may apply to the court for an order in aid of the execution directing the judgment debtor, or any third person, to transfer to the levying officer either or both of the following: (1) Possession of specified personal property that is sought to be levied on; or (2) possession of documentary evidence CT Page 7887 of title to property of, or a debt owed to, the judgment debtor that is sought to be levied on." (Emphasis added.) General Statutes § 52-356b(a). Rem v. Caldrello, Superior Court, judicial district of New London, Docket No. 514018 (October 10, 1991, Axelrod, J.) ("since there has not been an execution issued in accordance with Section 52-356a the court does not have the power to order the transfer of specified property under the provision of Section 52-356b").
As the plain language of the statute indicates, the motion for turnover will issue with regard to personal property and documentary evidence of title to property of the judgment debtor. Here, the assets in question are "fee and mortgage interests in real estate." (Defendants' Memorandum of Law for Prejudgment Remedy Hearing # 148, p. 1.) Such interests would appear to fall under "documentary evidence of title to property."
Nevertheless, in order to grant the motion for turnover order, a hearing must be held pursuant to the language of General Statutes § 52-356b unless the plaintiffs meet the requirements for an expedited order. "The court may issue a turnover order pursuant to this section, after notice and hearing. . . ." (Emphasis added.) General Statutes § 52-356b(b). "The court may issue a turnover order against a judgment debtor, without notice or hearing, uponaffidavit by the judgment creditor or another competent affiant stating facts from which the court concludes that there is a reasonable likelihood that the judgment debtor is about to remove the property from the state or is about to fraudulently dispose of the property with intent to hinder, delay or defraud his creditors." General Statutes § 52-356b(c). The plaintiffs have failed to file an affidavit in support of their motion for turnover order. The plaintiffs have not stated any facts which would indicate that Regional Holding Company, Inc. and Olins are about to destroy or dispose of property. Therefore, a hearing is required.
The plaintiffs' motion for contempt is premature. Since no order has been issued restraining Regional Holding Company, Inc. and Olins from disposing of assets, there can be no finding of contempt for violation of an injunction. The plaintiffs contend that the court issued an injunction on November 27, 1995. They appear to base this claim on the fact that a hearing date was set for the order to show cause. This order, as drafted by the plaintiffs, included an order restraining Regional Holding Company, Inc. and Olins from disposing of assets held pursuant to the trust indenture created by S E Investment. The setting of a date for CT Page 7888 an order to show cause why the turnover order should not be granted is not equivalent to the issuance of an injunction by the court.
Even if this order is considered an injunction, the motion for contempt cannot be decided without a hearing. "Due process of law requires that one charged with contempt of court be advised of the charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. . . . Because the inability of the defendant to obey an order of the court, without fault on his part, is a good defense to a charge of contempt . . . the plaintiff ha[s] the right to demonstrate that his failure to comply with the order of the trial court was excusable. When the conduct underlying the alleged contempt does not occur in the presence of the court, a contempt finding must be established by sufficient proof that is premised upon competent evidence presented to the trial court in accordance with the rules of procedure as in ordinary cases." (Citations omitted; internal quotation marks omitted.) Bryant v. Bryant, 228 Conn. 630, 637,637 A.2d 1111 (1994). "Our cases have consistently held that a finding of contempt for conduct that has allegedly occurred outside the presence of the court may not be based solely on unsworn representations of counsel." Wilson v. Wilson, 38 Conn. App. 263,277, 661 A.2d 621 (1995).
Specifically, § 52-400b requires a hearing before the court rules on a motion for contempt in the context of a turnover order. "On the continued and wilful failure of a person to comply . . . with a turnover order pursuant to section 52-356b . . . the court may, after hearing, commit the person for contempt and may further find such person personally liable for such damages as may have been sustained as a result of the contempt." (Emphasis added.) General Statutes § 52-400b. Therefore, even if a valid injunction had been issued, this court would decline to rule on the motion for contempt until after an evidentiary hearing.
C. CONCLUSION:
For the reasons herein stated, it is concluded that the motion for execution ought to be and is hereby granted. The motions for turnover and for contempt ought to be and are hereby denied.
It is so ordered, CT Page 7889
SALVATORE F. ARENA, J.