[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR CONTEMPT
The plaintiffs, Lori Raub and Michael Raub, request this court to hold two defendants, Classics International Entertainment, Inc. (CIE) and Richard S. Berger, in contempt of court and to issue orders directing these defendants to provide additional prejudgment security for the plaintiffs' claims for money damages. Should these defendants fail to comply with the orders, the plaintiffs in such event want the court to preclude these defendants from contesting liability and to assign the two cases for an immediate trial. The plaintiffs also request an award of attorneys' fees. For the reasons stated below, the requests are denied.
The plaintiffs contend this court should grant their requests because the defendants have violated a settlement agreement, which was entered into by the parties in order to resolve their disputes over the plaintiffs' applications for prejudgment remedies. The agreement was made after the court (Vertefeuille, J.) restrained the defendants from removing assets of Dream Factory, Inc.[1] and CIE from Connecticut and allowed the plaintiffs to attach or garnish assets of Dream Factory and CIE in the amount of $1.5 million. In their written agreement, the parties state that all of the defendants' obligations with respect to the restraining order and pending applications for prejudgment remedies are satisfied by an escrow arrangement. Pursuant to the agreement, defendants CIE, Dream Factory and Berger deposited shares of CIE common stock with an escrow agent. The agreement provides that the escrow account is to have a value of $812,250.00 to secure claims in the amount of $695,000.00. If the value of the stock decreases, the defendants are required under the agreement to deposit additional shares of CIE stock with the escrow agent. The agreement provides that the parties will submit the agreement to the court to have it "so ordered." It further provides that the parties agree to be subject to the contempt powers of the court. The parties submitted the agreement to the court. On December 9, 1994, the court (Vertefeuille, J.) entered the following order: "That the Prejudgment Remedy CT Page 301 Agreement is approved and that the Modified Temporary Restraining Order And Temporary Injunction is satisfied."
The plaintiffs claim the defendants have failed to maintain the required deposit value. They request the court to adjudge the defendants in contempt of court and to direct the defendants to purge their contempt by complying with the order of December 9, 1994, or by substituting a bond in lieu of the stock deposit.
The defendants object to the plaintiffs' motion and also request the court to modify the "prejudgment remedy." The defendants claim that it is impracticable for them to maintain the deposit value because the value of CIE stock has fallen so far that CIE does not have enough shares to place in escrow. They claim CIE has a negative net worth and is no longer listed on the NASDAQ market. Defendant Berger also contends he should not be required to take action because the court did not specifically find, as to him, probable cause for a prejudgment remedy. He argues that he should not be required to acquire assets or to post a bond to secure a prejudgment remedy, that such action is not contemplated by the prejudgment remedy statutes. See Gen. Stat. §§ 52-278a et. seq.
Before this court can adjudge the defendants in contempt of court. this court must find the defendants willfully failed to comply with an outstanding order of the court. Marcil v. Marcil,4 Conn. App. 403, 405, 494 A.2d 620 (1985). "[A] court may not find a person in contempt without considering the circumstances surrounding the violation to determine whether such violation was wilful." Wilson v. Wilson, 38 Conn. App. 263, 275, 661 A.2d 621
(1995). Other legal principles must also be kept in mind. "[A] finding of contempt for conduct that has allegedly occurred outside the presence of the court may not be based solely on unsworn representations of counsel." Id. at 277. The injunction on which the finding of contempt is based must not be vague or indefinite. Id. at 271. Moreover, there must be an ability on the part of the defendants to comply with the order. Dube v. Lopes,40 Conn. Sup. 111, 481 A.2d 1293 (1984). The plaintiffs want redress for a wrong they perceive to have been inflicted on them by the defendants. This court, however, must be careful not to impose penalties that, although imposed under the guise of civil contempt, are penal in nature.
The record in this case is inadequate for this court to conclude the defendants are in deliberate defiance of a court CT Page 302 order which a jail term will break. The plaintiffs' and defendants' factual claims as to the defendants' conduct have been presented to the court by way of assertions made by plaintiffs' and defendants' counsel during oral argument and in legal briefs. Apparently, the parties agree that the value of the stock in the escrow account is below the agreed upon deposit value. In the absence of legal justification or excuse, the failure of the defendants to maintain the deposit value places them in violation of the settlement agreement. This violation is not, in the absence of additional evidence, sufficient justification for this court to find the defendants in contempt. The circumstances do not show that the defendants have an ability to comply with the settlement agreement.[2]
The plaintiffs want the court to order the defendants to post a bond in the amount of $812,250.00. The plaintiffs rely on General Statutes § 52-278e(d). This statute allows a defendant to substitute a bond for a prejudgment remedy. It does not provide a procedure for a plaintiff to compel a defendant to post a bond in the amount of a prejudgment remedy issued by the court. At the time the court authorized the plaintiffs to attach or garnish the defendants' assets, the defendants could have requested the court to allow the defendants to substitute a bond for the prejudgment remedy. They did not do so. Instead, they negotiated an escrow arrangement. The defendants cannot be compelled to post a bond.
The defendants' motion to modify the prejudgment remedy is denied since no evidence in support of this motion was presented to the court. The relief requested by the plaintiffs is denied since the requests are based on the court's finding the defendants in contempt, which the court has not done.
THIM, J.