[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO RECONSIDER AND FORCONTEMPT, TEMPORARY INJUNCTION AND ATTORNEY'S FEES
CT Page 10701
The plaintiff's motion for contempt was heard by the court on May 19-21, 1997. The court issued its memorandum of decision on June 25, 1997, and assessed the defendant, David Wilcox (Wilcox), a penalty of $50,000 based on a finding that Wilcox was in contempt for his failure to comply with the permanent injunction as set out in a Stipulated Judgment of November 22, 1996.
Wilcox filed a motion to reargue and the Court heard argument on that motion on August 26, 1997.
LAW
 I. INTERPRETATION OF STIPULATED JUDGMENT
The stipulated judgment set out in paragraphs 2 and 3 some 15 requirements for Wilcox to perform before December 31, 1996 at 83 Old Windsor Road in Bloomfield, Connecticut. Paragraphs 5 and 6 set forth some 7 requirements as to 103 Old Windsor Road before the same date. There are other requirements to be performed before June 1, 1997 with which we are not concerned.
In paragraph 11 the temporary injunction of April 24, 1996 is made permanent.
Plaintiff seeks to enforce the stipulated judgment except as to the payment of $50,000 for Wilcox "failure to comply with the terms of the (Permanent Injunction." That injunction comes into being by virtue of the stipulated judgment.
Paragraph 11 of that judgment provides the following:
 11. The Temporary Injunction issued on April 24, 1996 by Langenbach, J. shall be converted into a Permanent Injunction whereby David Wilcox and each of his officers, servants, agents and employees, under penalty of $50,000.00, shall be permanently enjoined to comply with the plaintiff Town's Zoning and Wetlands' Regulations, as more particularly set forth in Judge Langenbach's Memorandum of Decision dated April 24, 1996.
The temporary injunction provides that Wilcox under penalty of $50,000 shall comply with about 35 requirements. Some of those CT Page 10702 are the requirements with which plaintiff claims there has been a failure to comply for such failure defendant should be found in contempt and penalized $50,000.
Each of the items referred to in the temporary injunction is a requirement "to meet plaintiff Town's Zoning and Wetland Regulations" in a specific way. Paragraph 11 of the stipulated judgment says the same when it requires compliance "with the plaintiff Town's Zoning and Wetlands Regulations, as more particularly set forth in Judge Langenbach's" temporary injunction of April 24, 1996.
It is clear that the $50,000 penalty is imposed on those items.
This court has found Wilcox in contempt in regard to eleven items set out in the stipulated judgment and here compares them with the temporary injunction:
Stipulated Judgment Temporary Injunction
 2a A2 2e A2 2j B1 (a) 2k B2 2l B3 3a A1 3c not found 5a C2 (b), (c), (d) and (e) 5e D4 6a C1 6b D9
Thus, all of the stipulated judgment requirements are found both in the stipulated judgment items and the temporary injunction except one.
The court did not access the defendant the $50,000 provided in the permanent injunction but only $2,500 per week for twenty weeks in accordance with the stipulated judgment i.e. the contract between the parties.
II. WILFULNESS
Because this is an equitable proceeding the court will CT Page 10703 consider any of Wilcox's arguments even if not timely raised before resorting to the very serious ruling of contempt.
The court orders are clear and unambiguous. The proof on Wilcox's failure to comply is clear and convincing.
To find that the party charged acted wilfully in failing to comply with the court's orders the court must consider all the circumstances surrounding that failure. Wilson v. Wilson,38 Conn. App. 263, 275-276.
The failure even when considered in the light of defendant's proffered excuses are wilful. Wilcox failed to act as best he could to comply.
There is no adequate factual basis to explain his failure to obey the court orders.
Reconsideration has been had and the court decision remains the same.
Norris L. O'Neill, J.