HARRIETT LOGAN *v.* JAMES P. LOGAN III
(5188)

BORDEN, DALY and NORCOTT, Js.

Argued November 19, 1987—decision released January 19, 1988

*Gwen B. Dreilinger,* with whom, on the brief, was *Paul Smith,* for the appellant (plaintiff).

*Paul J. Pacifico,* for the appellee (defendant).

BORDEN, J. The plaintiff appeals from the judgment of the trial court denying her motion to modify the judgment of dissolution of the marriage of the parties. The judgment was previously modified in 1983 so as to require the plaintiff to pay 20 percent of the educational

expenses of the children of the parties. The present motion to modify, by which the plaintiff sought to terminate or modify her contribution to the educational expenses, was presented to the court in 1986 on a written stipulation of facts. In 1983, when the plaintiff was ordered to contribute 20 percent of the educational expenses, she was earning $17,600 per year as a "guidance person" at the Mead School. The plaintiff has a degree in dance. In 1984, her job at the Mead School was terminated through no fault of her own, and since then she has not sought new employment and has earned no income from employment. She has remarried and her present husband earns approximately $100,000 per year.

The court noted that the plaintiff offered no reason why she had not sought new employment, nor what employment, if any, was available to her. It also noted that her present husband is not responsible for the children's education, that he is supporting her and that she is apparently content to accept this situation and not seek employment. The court concluded that the plaintiff had not proven a substantial change of circumstances to justify altering the prior determination, because she had not established, inter alia, that her earning capacity had changed.[1]

Contrary to the plaintiff's claims on appeal, the court was well within its discretion in focusing on the lack of a change in her earning capacity, rather than on a change in her actual earnings. The plaintiff had the burden to establish the basis for the modification which she sought. A change in her actual earnings, even occurring without fault on her part, did not require the court

---

[1] The specific language of the court in this respect was as follows: "No evidence has been offered by plaintiff as to her present earning capacity except that she lost one job . . . so no reason has been shown as to why the court's previous decision that plaintiff should pay 20 percent of the educational costs should not stand."

to ignore the fact that she chose not to seek other employment or even to demonstrate that other suitable employment was unavailable to her. Under these circumstances, the plaintiff was required to establish that her earning capacity had changed substantially. See *Wilkens* v. *Wilkens,* 10 Conn. App. 576, 580, 523 A.2d 1371 (1987). She was not entitled to rest on the fact that her actual earnings had changed.

Nor did the court shift the children's educational expenses onto the shoulders of her present husband, as the plaintiff claims. The court specifically noted her husband's lack of responsibility for those expenses, and considered his income solely with regard to its bearing on the plaintiff's own personal expenses. This was proper. *McGuinness* v. *McGuinness,* 185 Conn. 7, 12–13, 440 A.2d 804 (1981); *Manaker* v. *Manaker,* 11 Conn. App. 653, 655–56, 528 A.2d 1170 (1987).

There is no error.

In this opinion the other judges concurred.