[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR CONTEMPT CT Page 10496
A decree of dissolution of marriage was entered on August 19, 1981 before Maiocco, J. The defendant wife did not appear at that proceeding. The court ordered unallocated alimony and support in an amount of $200.00 per week, said sum to be reduced by $50.00 per week as each of the minor children attained majority and upon the death, remarriage or cohabitation by the defendant.
The youngest child reached her majority on August 18, 1988, and the plaintiff paid alimony to the defendant in an amount of $50.00 per week until May 8, 1992. The parties have stipulated that, if the court were to determine that alimony is due to the defendant, the sum due from the last payment date to the date of hearing (November 5, 1992) is $1,250.00.
The plaintiff testified that he became unemployed on May 8, 1992, that his gross weekly pay prior to his unemployment was $735.00 and his net weekly pay $535.00; that he had worked for Fairfield Plumbing Supply as a department manager for four and a half years and was laid off because business had fallen off and the owner of the business had two sons who had joined the business; that he had received unemployment compensation for 25 weeks in an amount of $288.00 per week less Social Security for a net weekly amount of $269.00. He also testified that at the time he was laid off he called the defendant and advised her there would be no more alimony because of his unemployment.
While the original dissolution decree provided that the family home at 265 Karen Avenue in Stratford was to be sold and the proceeds divided after the payment of all joint debts and the cost of closing, the sale did not, in fact, take place until this year. In July the plaintiff received $50,000.00 from his share of the proceeds of sale.
The plaintiff has remarried and his present wife is employed at United Technology. The plaintiff testified that she grosses $38,000.00 in her position at United Technology. Her income may be taken into account in considering the plaintiff's living expenses. McGuinness v. McGuinness, 185 Conn. 7, 12-13
(1981); Logan v. Logan, 13 Conn. App. 298 (1988); Manaker v. Manaker, 11 Conn. App. 653 (1987).
CT Page 10497 The plaintiff claims that during the period 1981 to 1984 he overpaid the amounts of alimony and support by $6,208.50. He has receipts signed by the defendant for these overpayments. However, he never indicated to the defendant that he was going to make any claim for these overpayments and, indeed, did not raise any claim of reimbursement until this proceeding. There was no testimony as to the nature of these payments, i.e., whether extra support, extra alimony, a, contribution toward increased expenses of the children, a contribution toward the house's carrying charges, extraordinary home repairs, etc.
The extra payments made to the defendant were entirely I voluntary. The general rule is that a parent responsible for child support under a decree is not generally entitled to credit for voluntary expenditures made on behalf of the child in a manner other that specified by the decree. 47 A.L.R.3d 1035; 24 Am.Jur.2d; Divorce and Separation 1077, p. 1067. While there is no Connecticut Appellate decision directly on point, the Appellate Court in the case of Goold v. Goold, 11 Conn. App. 268
at 274 (1987), stated as follows:
 Although no Connecticut case has addressed the precise issue presented in this case, we have previously recognized that in some domestic cases unique or compelling circumstances may justify or require equitable relief. Guss v. Guss, 1 Conn. App. 356, 363, 472 A.2d 790 (1984,), citing LaCroix v. LaCroix, 189 Conn. 685, 689, 457 A.2d 1076 (1983). The allowance of a credit against past due child support payments has therefore been acknowledged as being appropriate in limited circumstances. These circumstances must he limited in order to prevent hardship to support recipients and to protect "their expectations and [enable] them to rely upon the continuing [support] obligation of the paying spouse . . . ." as provided in a final decree. Sanchione v. Sanchione, 173 Conn. 397, 405-406, 378 A.2d 522 (1977). Although there is no general rule as to when circumstances require the allowance of such credit, factors which have been considered by various courts in CT Page 10498 reaching such decision include (1) whether the father brought a motion for modification of the support order;. . . .
The question of credit for overpayment was raised in the superior court case of Webb v. Webb, 1991 WL 194666 (Conn.Super.) (I. Levine, J., 1991, docket number 213781). In that case Judge Levine, sitting as a state trial referee, did not give credit to the support obligor for payment he made on his daughter's behalf during the period that the daughter was living with him, finding that no motion for modification of support was filed for almost a year after the daughter moved in with the defendant, that no express provision was made in the divorce judgment and that there had been no acceptance by the obligee (the mother in the Webb case) of the direct payments made for the child's benefit as an alternative method of child support.
The court finds that there has been no motion for modification of the support order and the motion for modification of the alimony order was served on October 23, 1992; that the decree of the court entered on August 19, 1981 did not provide that the plaintiff might change or adjust his payments, and that the defendant did not consent to any credit due to the plaintiff upon his financial obligations. The court, therefore, denies any credit for the claimed overpayments.
The court finds as follows:
1. The plaintiff intentionally and wilfully stopped paying the alimony payments.
2. The plaintiff had the ability to make such payments, if at no other time, at least in July, 1992 and failed to do so. In view of his current spouse's income, which may be taken into account in considering his expenses, he has had the continuing ability to pay the alimony order with his unemployment compensation. There has been no justification for the plaintiff's failure to pay.
3. The requirements for a finding of contempt have been satisfied. May v. May, 193 Conn. 261, 264 (1984); Tobey v. Tobey, 165 Conn. 742 (1974). I find the plaintiff in contempt.
The defendant has asked for $750.00 in counsel fees. CT Page 10499 Based upon the time spent and counsel's preparation for this proceeding, the court finds such amount to be a fair and reasonable amount and awards attorney's fees of $750.00 pursuant to the provisions of 46b-87 of the General statutes.
The court orders that the plaintiff shall purge himself of contempt by the payment of $1,250.00 arrearage and $750.00 attorney's fees to the defendant on or before December 31, 1992.
So ordered.
EDGAR W. BASSICK, III, JUDGE