[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 1286-C
The defendant has appealed pursuant to Conn. Gen. Stat. §46b-231 (n) the decision of the family support magistrate modifying the child support order entered against him. The defendant claims that the family support magistrate violated his due process rights by modifying the child support order without affording him notice and an opportunity to be heard on the matter.
The court has reviewed the record and the transcript of the proceeding at issue. No additional evidence has been submitted. See C.G.S. § 46b-231 (n)(6). The record reveals numerous hearings and orders over the past nine years. The ones most material to the issue at hand follow.
The state of Connecticut initiated an action against the defendant on March 11, 1987 to establish paternity and for an order of child support for the minor child of the plaintiff. On June 11, 1987, the superior court, Mihalakos, J., in the absence of the defendant, found the defendant to be the father of the minor child and ordered him to pay current child support of $94.92 per week and $15 per week on the arrearage of $323.25. Myriad hearings then followed including motions to modify filed by the defendant and a motion for contempt and for wage withholding filed by the state.
On June 29, 1994, the family support magistrate found an arrearage of $27,844.97 and continued the matter for the defendant to find employment or show 10 attempts per week seeking employment. The defendant was also ordered to keep current on his child support payments.
On July 5, 1994, the defendant filed another motion to modify the child support order. The family support magistrate on August 16, 1994 granted a "temporary modification" of $15 weekly for current support and $5 weekly on the arrearage. The original orders were reinstated by the family support magistrate on January 10, 1995 and a capias was issued for the defendant's nonappearance in court.
On March 7, 1995, the defendant was found in contempt and ordered incarcerated. The family support magistrate again entered a "temporary modification". This time the modification was to $30 CT Page 1286-D weekly for current child support and $5 weekly toward the arrearage.
The defendant was released from custody of March 28, 1995 and ordered to find employment or make 10 contacts each week seeking employment. The temporary modification was continued.
On May 9, 1995, the defendant notified the magistrate that he had obtained part-time employment. The family support magistrate issued a "temporary order" of $10 weekly for current child support and suspended payments on the arrearage.
On December 19, 1995, family support magistrate Deborah Kochiss Frankel issued a capias for the defendant because of his failure to appear in court. The magistrate also "reinstated" the original child support order of $94.92 weekly for current support and $15 weekly toward the arrearage. It is this action of the family support magistrate which the defendant has appealed.
The standard for reviewing the decision of the family support magistrate is set forth in C.G.S. § 46b-231 (n)(7).
 The superior court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the decision of the family support magistrate is: (A) In violation of constitutional or statutory provisions; (B) in excess of the statutory authority of the family support magistrate; (C) made upon unlawful procedure; (D) affected by other error law; (E) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The decision of family support magistrate in this case must be reversed because it was made in violation of the statutory and due process rights of the defendant.
The family support magistrate in deciding whether a child support order should be modified is required to base such determination upon the criteria set forth in statutory sections46b-84 and 46b-215b. Conn. Gen. Stat. § 46b-231 (m)(4). Under CT Page 1286-E § 46b-84, the magistrate is mandated, in determining the amount of child support to be ordered, to consider a variety of factors, including the age, health, occupation, amount and sources of income of both parents. Under § 46b-215b, the magistrate must consider the child support and arrearage guidelines in setting child support. The transcript of the proceedings held on December 19, 1995 does not provide any evidence that the magistrate fulfilled either of her responsibilities under these statutory sections. The magistrate simply "reinstated" the original child support order issued in 1987 without considering any evidence as to the current situation of the parties.
The order of the family support magistrate was in effect a modification of the existing child support order of $10 per week. The fact that this order was previously denoted a "temporary" order or modification by the magistrate does not exempt it from the statutory requirements governing the determination of child support. The family support magistrate was obligated to base any decision to change the amount of the child support order on the criteria contained in § 46b-84 and on the child support and arrearage guidelines.
Moreover, it is a bedrock principle of due process that a party be given reasonable notice and an opportunity to be heard prior to the court issuing orders in a matter before it. "It is a fundamental promise of due process that a court cannot adjudicate a matter until the persons directly concerned have been notified of its pendency and have been given a reasonable opportunity to be heard in sufficient time to prepare their positions on the issues involved." Costello v. Costello, 186 Conn. 773, 776
(1982).
The defendant in this case was given no notice that the magistrate would be considering a modification of the child support order currently in effect. He was also not provided with a hearing to contest the state's request that the previous order of $30 current support and $5 on the arrearage be reinstated. The magistrate on her own initiative reimposed the original 1987 child support order of $94.92 current support and $15 on the arrearage.
It is improper for a court to grant an oral motion to modify child support where a party is given no written notice of or an opportunity to be heard on the request for modification. WinickCT Page 1286-Fv. Winick, 153 Conn. 294 (1965). It is also a violation of due process for a court to modify on its own initiative an existing child support order without notice to a party. Guss v. Guss,1 Conn. App. 356 (1989). "The defendant had no notice, written or constructive, that the award would be modified during the course of the hearing. A trial court cannot on its own initiative modify alimony or child support orders. It is such action that appeals are made of." Guss v. Guss, supra, 1 Conn. 361. See also Bartleyv. Bartley, 27 Conn. App. 195 (1992) in which the court held it to be a violation of due process for the trial court to decide a motion to reconsider an order modifying child support order where the court failed to afford the parties a hearing on the motion.
In light of the above, the decision of the family support magistrate reinstating the child support order of $94.92 weekly for current support and $15 weekly toward the arrearage is reversed, retroactive to December 19, 1995. See C.G.S. § 46b-231
(n)(8). This matter is also remanded to the family support magistrate for further proceedings consistent with this decision.
Jon M. Alander, Judge