[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties, who have not been married, are the parents of a nine-year old child. The State has filed a petition seeking child support from the defendant, and he has filed a motion seeking an order of joint legal and physical custody with the plaintiff of their minor child, William. On April 1, 1996 this court entered an order of joint legal custody of William. On May 20, 1996 this court heard evidence regarding William's physical custody and the defendant's child support obligation.
The State's present support petition was not filed until December 28, 1995. The court, however, perceives no problem in CT Page 5149-HH entering an order of child support retroactive to an earlier date. See § 46b-215(a), C.G.S.; Favrow v. Vargas, 222 Conn. 699,717 (1992). The court declines to issue any child support order for the year 1994, the first year during which the parties lived apart, because of an absence in the record of any reliable evidence as to the defendant's income during that year. In addition, the evidence indicates that the defendant in various ways contributed to William's support in 1994.
The court will enter child support orders covering calendar year 1995 and 1996 to date. In entering that order the court will consider that the plaintiff has an established earning capacity of $35,000 annually. The evidence showed that the plaintiff is a registered nurse and, although her employment had been interrupted due to illness in 1993, she returned to work thereafter and voluntarily terminated her employment in August 1994. She has not worked since that time. William is of a sufficient age to allow the plaintiff to work at least on a part-time basis. The law is well established that a court, in setting child support obligations, may consider a party's earning capacity. See, e.g., Logan v. Logan, 13 Conn. App. 298 (1988).
The court's child support order for 1995 will be based on the defendant's testimony that his income in that year was $38,000 and on the plaintiff's established earning capacity of $35,000. For 1996 the defendant's child support obligation will be based on his financial affidavit of February 6, 1996, which shows a gross weekly income of $768; again, the plaintiff's earning capacity of $35,000 will be taken into account.
The court finds, further, that the plaintiff and the defendant have shared custody of William. While the evidence is not entirely clear on this point, the court concludes that this arrangement has been in effect since at least January 1, 1995, and that the percentage of the parties' respective shares has changed from 1995 to 1996. Based on the testimony adduced on May 20, 1996, the court concludes that during 1995 the parties shared custody with the plaintiff being responsible for 70% of William's care; the defendant, 30%. Based on the present sharing arrangement, the court concludes that the parties have shared custody of William from January 1, 1996 to the present on a 60%-40% basis, with the plaintiff being responsible for the larger share of William's care and custody. In 1996, although in the course of a 14-day period William spends seven nights at each party's residence, the evidence showed that the plaintiff is CT Page 5149-II responsible for a larger portion of William's day and is also responsible for his care during vacation periods and when he is sick or otherwise absent from school.
Based on the court's findings as to the shared custody arrangement, a deviation from the child support guidelines is called for, pursuant to § 46b-215a-3(b)(6)(A) of the guidelines regulations. During calendar year 1995 the defendant's child support obligation is set at 40% of the guidelines figure, computed as indicated above. During calendar year 1996 to date the defendant's child support obligation is set at 20% of the guidelines figure as computed above.
Within two weeks of the date of this memorandum the assistant attorney general shall prepare guideline worksheets for 1995 and 1996, computed as above, and provide copies of those worksheets to the court and to counsel for the defendant. Thereafter, the court will enter the appropriate child support orders, taking into account the deviation called for by the shared custody arrangement, find an arrearage for 1995 and 1996 to date and enter an appropriate order of payment toward that arrearage. The court will withhold the entering of those orders until one week after the defendant's attorney receives her copies of the guidelines worksheets so that she may raise any questions concerning the State's computation of the defendant's guidelines support obligation.
SHORTALL, J.