[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks a modification of child support retroactive to January 31, 1996, the date the oldest minor child, Travis, moved in with the plaintiff. The plaintiff continued to pay child support after January 31 through a wage withholding order and requests a return from the defendant of $3,806. The defendant opposes the refund.
The procedural history of the case is important to the determination of this issue. A judgment of dissolution of the parties' marriage was entered on August 3, 1988. Pursuant to an agreement incorporated into the judgment, the parties were awarded joint legal custody of their two minor children, with primary physical residence with the defendant.
On July 19, 1995, the plaintiff filed a rule to show cause seeking modification of custody, which was served or the defendant on July 30, 1995. A hearing was scheduled on the motion on August 15, 1995. On that date, the matter was referred to family relations for mediation and, if necessary, study on the issue of custody. On September 13, 1995, family relations reported that it was unable to mediate the custody dispute.
On November 7, 1995, the plaintiff's obligation to pay child support for both minor children was increased to $173 per week and an immediate wage withholding was ordered. CT Page 6134
On December 18, 1995, the plaintiff filed a motion for a change in custody of both minor children and a motion to refer the matter to family relations for a custody study. On January 31, 1996, the oldest child, Travis, moved from the defendant's home to the plaintiff's home. On February 27, 1996, the defendant filed a motion to modify which sought sole custody of the minor children, a motion to refer the issue of custody to family relations for a study, and a motion for an order requiring the plaintiff to return Travis to the home of the defendant.
On March 11, 1996, the parties entered into an agreement that the issues of custody and visitation be referred for a psychological evaluation. The defendant filed an application for a writ of habeas corpus seeking the return of Travis on March 13, 1995. On March 18, 1996, the plaintiff filed the subject motion to modify child support on the grounds that Travis was living with him.
On June 26, 1996, the parties entered into an agreement providing physical custody of Travis to the plaintiff and terminating child support.
This court is prohibited by statute from ordering a retroactive modification of child support. Conn. General Statutes § 46b-86(a). See Favrow v. Vargas, 231 Conn. 1 (1994). The statute does provide an exception to the prohibition on retroactive modification, where a motion for modification has been served upon the opposing party pursuant to section 52-50. Conn. General Statutes § 46b-86(a).
The plaintiff claims that this case satisfies the exception contained in § 46b-86(a) because he served a motion to modify custody pursuant to § 52-50 on the defendant on July 30, 1995. The plaintiff asserts that a modification of child support is implicit in any motion to modify custody since a change in custody necessitates a change in child support.
The short answer to the plaintiff's claim is that the statute expressly limits the exception to situations in which there is "a pending motion for modification of an alimony or support order". The statute does not include within the parameters of the exception a pending motion for modification of custody. SeeShedrick v. Shedrick, 32 Conn. App. 147, 150-152 (1993) which states that the statutory requirements allowing retroactive CT Page 6135 modification must be strictly observed.
Moreover, a judicial expansion of the provision to include a pending motion for modification of custody would undermine the purpose underlying the exception. The statute allows for retroactive modification only when a motion for modification of child support has been served on the opposing party by a sheriff or other proper officer. The purpose behind this requirement is to provide clear notice to the custodial parent that the noncustodial parent may claim a change in child support retroactive to the date of service of the motion.
A motion to modify custody fails to provide such unequivocal notice. A party's reasonable expectation is that child support will change at the time the court orders a change in custody. This is especially true in the instant case. At the time the motion to modify custody was served here, the child had not yet moved to the plaintiff's home. As a result, the defendant had no reason to believe when the motion to modify custody was served that the plaintiff was seeking a change in child support retroactive to the date of service of the motion.
The plaintiff also claims that the defendant should be equitably estopped from contesting a retroactive modification of child support because the plaintiff relied on an agreement between counsel that child support would be adjusted retroactively. Although the plaintiff's attorney represented to the court that such an agreement existed, the defendant, appearing pro se, vigorously disputed the existence of an agreement. The representations of counsel are not evidence.Cologne v. Westfarms Associates, 197 Conn. 141, 154 (1985). No evidence of any agreement was presented.
The plaintiff further asserts that equity demands that the defendant repay the child support that she received for the period of time that Travis was not living with her. The plaintiff cites Guss v. Guss, 1 Conn. App. 356 (1984) and Goold v. Goold,11 Conn. App. 268 (1987) as support for his position. Neither case is applicable here.
The court in Guss, supra, was faced with a unique situation. The trial court changed custody of the two minor children from the defendant to the plaintiff. The trial court also reduced the unallocated alimony and child support payments to be paid by the plaintiff to the defendant in light of the court's decision to CT Page 6136 change custody. The appellate court in Guss reversed both the decision to modify custody and the decision to modify alimony and child support and remanded the matter to the trial court for further proceedings. The appellate court determined that equity required it to enter an interim order with respect to the plaintiff's financial obligations to the defendant pending final determination by the trial court. In the case at hand, the plaintiff is not seeking an interim order resulting from an appellate court reversal of a trial court decision.
In Goold, supra, the court recognized that in appropriate circumstances equity may require that a credit toward unpaid child support be given to a noncustodial parent for the amounts expended on the child while the child lived with the noncustodial parent. The plaintiff in the case at bar failed to claim such a credit during the hearing on the motion for modification. No evidence was presented by him as to the amounts expended by him on Travis while Travis was living with him.
Moreover, the court in Goold cited as a crucial factor in determining the appropriateness of a credit whether the custodial parent consented to accept the noncustodial parents direct support of the child as an alternative method of payment of child support. The file in this case indicates that the defendant actively contested Travis' move. No evidence was presented that she consented in any manner to direct support in lieu of payment to her of child support.
The court in not unmindful of the inequity that may attend the required payment of child support by a noncustodial parent when the child has moved in with that parent. The law provides a number of ways to avoid any inequity by allowing for the retroactive modification of child support, including service of a motion to modify child support pursuant to § 52-50 and the assertion of a credit for amounts directly expended on the child. The methods for retroactively modifying support are limited in order to protect the expectations of recipients of child support and to enable them to rely upon the continuing obligation of the paying spouse. Goold v. Goold, 11 Conn. App. 268 (1987). The plaintiff, unfortunately, failed to avail himself of any of the opportunities available to him.
The plaintiff's motion seeking the retroactive modification of child support and the return of child support paid to the defendant is denied. CT Page 6137
Jon M. Alander, Judge