[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DE PLAINTIFF'S MOTION TO DISMISS THE DEFENDANT'S MOTION TO MODIFY (170)
The, defendant, by way of order of notice, has served a post judgment motion (169) to modify the alimony order made as part of the final judgment dated October 22, 1997. The motion alleges
 "The court found that the defendant's income was at the time at least $112,000.00 per year and based its [sic] order on that amount. . . ."
The motion alleges that a significant change in circumstances has occurred since his income has decreased from $112,000.00 to less than $68,000.00 per year despite his diligent efforts to earn income.
The plaintiff has moved to dismiss alleging that the court's memorandum of decision founded the alimony order on the defendant's earning capacity rather than on actual earnings. The memorandum is dated October 22, 1997 and recites:
 "The defendant is self employed and operates a plumbing and heating business under a corporate structure. His current financial affidavit indicates an income at a gross annual rate of approximately $88,000.00. The plaintiff contends that the defendant is understanding his income.
 The evidence indicates that the defendant's average gross annual income for the period 1993 through 1995 was approximately $125,000.00 per year. The defendant's gross income for 1996 was approximately $112,000.00. Although there was evidence that the defendant has lost business recently from substantial customers, there was also evidence that the defendant has not been working as diligently at the present time as he did in the past.
The court believes the defendant's stated income for 1997 to be too conservative based on his performance in CT Page 4603 recent years. The court concludes that the defendant's income is at least $112,000.00 per year and has based its following order on that amount.
 (1) The defendant shall pay to the plaintiff as periodic alimony the sum of thirty five hundred ($3500.00) dollars per month. The payments shall commence on November 1, 1997 and on the first day of each month thereafter, in advance until the death of either party or the plaintiff's remarriage, whichever event first occurs."
The plaintiff cites Logan v. Logan, 13 Conn. App. 298. In that case the obligor's job was terminated. Thereafter she sought no new employment and, having remarried, was being supported by her current spouse. The case follows Miller v. Miller,181 Conn. 610 "that it is permissible to utilize a party's earningpotential. . . . where. . . . the earnings. . . . are voluntarily depleted. . . ." id. p. 612 (citations omitted). The plaintiff also cites Paddock v. Paddock, 22 Conn. App. 367, 371 (1996) which cites Miller.
The 1997 decision however, after commenting on conflicting evidence, found the defendant's actual earnings to be at least $112,000.00, thereby finding the defendant's stated income to be "too conservative."
This court concludes that the 1997 decision did not utilize earning capacity in fixing the alimony order. The order was based on actual earnings found to be "at least $112,000.00 per year."
The court also finds that the allegations contained in defendant's motion are sufficient to meet § 25-26(e) of the Conn. Prac. Book.
The Plaintiff's motion to dismiss is denied
HARRIGAN, J.