[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties marriage was dissolved by decree of this court on March 16, 1998 (Moran, J.). CT Page 1995
By rule to show cause the plaintiff, Dr. Lazrove, sought a modification to modify the decree "modifying his obligation to pay alimony to an amount which is consistent with the existing financial circumstances of the parties . . ." (Motion to Modify, pleading # 133). The plaintiff alleged that there was a substantial change in circumstances in that his income from all sources exclusive of capital gains fell below $300,000.00 for calendar year 1998. At the time of the decree the court indicated that "the plaintiff not be entitled to seek a downward modification unless his gross income from all sources . . . falls below $300,000.00 per year." (Motion to Modify # 133).
After a full evidentiary hearing the court on October 20, 1999 found a substantial change in circumstances and that the current income of the plaintiff was $275,000.00. The court modified the alimony payments from $5,000.00 per month to $4,500.00. At the time of the court's oral decision the plaintiff's counsel was scheduled to be in another court and other business was waiting and the court deferred the issue as to the retroactive date of the modification for further order of court.
On January 18, 2000 the plaintiff filed a motion to reargue alleging four bases: 1. The defendant failed to report all sources of income; 2. The court made findings contrary to evidence related to stipulated child support; 3. The court's decision was incomplete, and; 4. The court disturbed the equitable balance of the dissolution agreement by reducing alimony in an amount disproportional to the change in plaintiff's and defendant's circumstances.
The defendant objected to the court hearing the motion to reargue on the basis that it was not timely filed. The plaintiff claimed that the motion was timely filed because the order of the court of October 20, 1999 was not a final order until the question of the retroactivity had been determined. He claimed that until all issues had been determined, the time to appeal had not run, thus the motion to reargue was timely.
It is axiomatic that an appeal may be taken only from the final judgment. General Statute § 52-363, Conn. PB § 61-1. Our cases have held that an order or action of a trial court is a final judgment for the purposes of an appeal if it either terminates a separate and distinct proceeding, or concludes the rights of the parties so that further proceedings cannot affect CT Page 1996 them. See State v. Longo, 192 Conn. 85, 89 (1984); State v.Powell, 186 Conn. 547 (1982); Pascal v. Pascal, 2 Conn. App., 474
(1984). The cases hold that it is the effect rather than the nature of the order or judgment which is critical in determining rather a matter is appealable and that rulings on post-judgment motions to modify an original judgment where the court has continuing jurisdiction are final judgments. Ostroski v.Ostroski, 135 Conn. 509 (1949).
Whether or not the modification was retroactive and to what period did not effect the order of the court that the alimony payment prospectively be $4,500.00 per month rather than $5,000.00 per month. From October 20, 1999 the plaintiff was ordered to pay the $4,500.00, he had the right to appeal the court's order thus, the judgment is final.
Notwithstanding the court's ruling that the motion was not timely filed and therefore should be denied on that basis, I will address the merits of plaintiff's motion.
1. Plaintiff claims that the defendant did not report all of her income on her financial affidavit at the time of the hearing. Judge Moran found at the time of the dissolution that the fair market value of her interest in the jointly owned company called MEC was $282,459.00. He also found, however, that the payment of $300,000.00 should be paid over four years "instead of calculating nominal interest." (Mem. March 16, 1998, p. 10). The plaintiff's claim that this approximate $18,500.00 represented interest income to the plaintiff. The court finds upon reviewing the transcript of Judge Moran's order and the transcript of the hearing in this case that the amount was not to be deemed interest to the defendant and therefore she had no obligation to report it. Furthermore, there was evidence before the court that the plaintiff was receiving the payments in accordance with the order of Judge Moran as she listed the balance of payments due quarterly through February of 2002 as her financial affidavit giving their estimated present value.
2. Plaintiff claimed that the findings that the plaintiff had not paid amounts for the benefit of the child was contrary to the evidence. The defendant testified that the plaintiff did not pay some expenses which she believed he was required to pay and when she asked him to pay and that he only paid fifty-percent of other expenses, the court credited the testimony of the defendant. CT Page 1997
3. The plaintiff claims that the court's decision was incomplete. The plaintiff complains that the court did not address all the issues before and specifically did not address the issue of child support as requested in his "initial POST-JUDGMENT MOTION FOR MODIFICATION OF ALIMONY AND CHILD SUPPORT." This is a mis-statement of the record. The motion filed was entitled "PLAINTIFF'S POST-JUDGMENT MOTION TO MODIFY DECREE." Nowhere in that motion is a reference made to child support. Although the plaintiff now claims that he is also entitled to a decrease in child support because of the substantial change in his circumstances, the court reduced only the alimony because that was the relief sought by the plaintiff in his motion to modify. Guss v. Guss, 1 Conn. App., 356 (1984).
4. The plaintiff claims that the court disturbed the equitable balance of the dissolution by reducing alimony in an amount disproportional to the change in plaintiff's and defendant's circumstances. The court applied the statutory standard of General Statute § 46B-86(a) and, upon finding of substantial change in circumstance, applied the statutory criteria in accordance with case law. Borkowski v. Borkowski,228 Conn. 729, 736 (1994); Hardisty v. Hardisty, 183 Conn. 253,258-59 (1981).
The motion to reargue was denied.
McLachlan, J.