[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: [DEFENDANT'S] AMENDED POST-JUDGMENT MOTION TO MODIFY UNALLOCATED ALIMONY AND CHILD SUPPORT (#150)
CT Page 1752
The marriage of the parties was dissolved on October 14, 1998. The parties were married on November 29, 1975 and, they have three children; two of whom were minors on the date of the dissolution. A separation agreement, dated October 14, 1998, was incorporated by reference in the decree.
Paragraph 3.A. of the agreement provided that the defendant would pay unallocated alimony and child support in the amount of $500 per week until the sixth anniversary date of the agreement (October 14, 2004). For a period of time, this unallocated child support and alimony would result in the defendant paying support for a child over the age of majority. Paragraph 3.B. of the agreement provided that the payment of unallocated alimony and child support shall be subject to modification for any reason permitted under § 46b-86, except the fact that a child reaches the age of majority shall not be a basis for modification.
On the date of judgment, the defendant was employed by the New Haven Board of Education as a chemistry teacher at Hillhouse High School. His gross income was $864 a week and his net income was $641 a week. The plaintiff was employed as a substitute teacher for the New Haven Board of Education, and she had a gross income of $233 a week and a net income of $207.08 per week.
On February 6, 1999 the defendant remarried. During the 1999-2000 academic year the defendant resigned from his position as a tenured teacher in the New Haven school system. In September 2000 he began work in the Hamden school system as a Middle School science teacher.
The defendant had difficulties teaching in Hamden and in February 2001 he was placed in intensive assistance by the assistant principal. As part of this assistance the defendant was recommended to see a psychiatrist. The defendant consulted Dr. Fabbri, with whom he treated from March to July 2001.
By letter dated April 19, 2001, the defendant informed the plaintiff that he was moving to Texas in the middle of July. The letter also stated:
"As to financial arrangements, I am presently making applications for teaching positions in Texas. There are many openings for high school biology and chemistry teachers. My recommendations from Hamden and from New Haven indicate that I am viewed as a capable high school teacher. Therefore, I feel CT Page 1753 confident of securing employment. I am also considering returning to social service work. Again, there are several openings in that employment area. My employment with Hamden Public Schools ceases in August 2001."
After commencing his treatment with Dr. Fabbri, the defendant decided to resign from the Hamden school system and apply for disability retirement benefit from the state teacher's retirement board. The application was filed in July 2001. By letter dated October 10, 2001, the state teacher's retirement board informed the defendant his disability retirement benefit was approved effective September 1, 2001; the defendant's disability benefit would be $573.23 per month.
From the evidence, including the testimony of Dr. Fabbri, the court finds that the defendant has been diagnosed as having Attention-Deficit/Hyper Active Disorder (ADHD), inattentive type. This disorder would appear to limit the earning capacity of the defendant as a public school teacher.
The defendant is not otherwise mentally or physically disabled. He is 54 and is in excellent physical health. Since January 14, 2002 the defendant has been employed at the University of Texas-Pan American as a part-time lecturer in the History and Philosophy department. His semester salary is $5220, payable in five monthly installments of $1444. The defendant is not otherwise employed.
On his current financial affidavit, the defendant states his gross and net weekly income is $232 per week. His income as a lecturer is shown as a fifty-two week average of $100 per week. .
The defendant testified he moved to Texas for several reasons: his wife is from Texas, his wife's health would benefit from the climate, and the opportunities were better there. His wife is employed as a math teacher in Edinburg, Texas. The defendant also believed that students in this part of the country would be better disciplined. He did apply at one school in Texas for a teaching position, which he did not get.
After moving to Texas in July, the defendant became aware of the position at the University of Texas for which he was hired in September although he did not begin his teaching duties until January 14, 2002.
Other than applying for one teaching job and securing the part-time lecturer position, the defendant has not made any efforts to find employment since he moved to Texas. The part-time lecturer position requires the defendant to teach nine hours a week and have office hours. CT Page 1754 The defendant has not made any effort to supplement his lecturer income.
The defendant has the capacity to earn income. The defendant has not made significant efforts to find full-time employment. The defendant has not made an effort to supplement his part-time lecturer income. In view of the lack of effort on the part of the defendant, the court cannot conclude that his present earnings reasonable reflect his earning capacity. In view of these findings, the court cannot conclude that the defendant has demonstrated a substantial downward change in his capacity since the date of dissolution. The defendant is required to establish that his earning capacity has changed substantially, he is not entitled to rest on the fact that his actual earnings have changed. See Logan v.Logan, 13 Conn. App. 298, (1988).
The plaintiff, on her current financial affidavit, shows gross weekly income of $310 per week and net weekly income of $262 per week. She is not underemployed. The court does not find a substantial change in the circumstances of the plaintiff.
The motion is denied.
Domnarski, J.